**Mary Hit Him RUNNING HORSE et al., Plaintiffs,**

v.

**Stewart UDALL, Secretary of the Interior, Defendant.**

**Civ. No. 2106–60.**

United States District Court
District of Columbia.
Dec. 10, 1962.

Marvin J. Sonosky, Washington, D. C., for plaintiff Indians.

Floyd L. France, Washington, D. C., for Secretary of the Interior.

HART, District Judge.

The above entitled cause came on regularly for trial and the Court upon the administrative record made before the defendant as stipulated by the parties, upon certain additional documentary evi-

dence introduced at trial, makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The plaintiffs are citizens of the United States, residents of the Rosebud Sioux Indian Reservation, South Dakota, and are Indians duly enrolled as members of the Rosebud Sioux Indian Tribe of South Dakota.

2. The defendant is the Secretary of the Interior and as such is charged with the administration of the laws relating to the supervision, care and protection of individual Indian trust or restricted property, including the trust property here in suit.

3. Plaintiffs are the lawful heirs of James Running Horse, a full blood Indian enrolled in the Rosebud Sioux Indian Tribe of South Dakota, who died intestate seized of 172.07 acres of land located on the Rosebud Indian Reservation and held by the United States in trust for him and his Indian heirs. At the time of death the decedent left no other assets.

4. The land referred to above originally was allotted by trust patent No. 276674 dated June 18, 1912, from the United States to Abraham Running Horse, Rosebud Sioux Allottee No. 6095, and inherited by James Running Horse from the trust patentee. The trust patent was issued under the Sioux Allotment Act of March 2, 1889, 25 Stat. 888, which by reference incorporates the provisions of Section 6 of the General Allotment Act of February 8, 1887, 24 Stat. 390, 25 U.S.C. § 349, as amended. Under the terms of the Sioux Allotment Act, the United States agreed to hold the land, "in trust for the sole use and benefit" of Abraham Running Horse or, in the case of his death, of his heirs; and further agreed, upon the expiration of the trust period, to convey the land to Abraham Running Horse or, in case of his death, to his heirs, "in fee, discharged of said trust and free of all charge or incumbrance whatsoever: * * *"; and further agreed that such trust lands "shall not be liable to the satisfaction of any debt contracted prior to the issuing of such [fee] patent: * * *." The trust period is now and has been in effect at all times material to this case.

5. Pursuant to the Act of June 25, 1910, 36 Stat. 855, as amended, 25 U.S.C. § 372, the Secretary of the Interior, through his duly authorized Examiner of Inheritance, entered an order dated October 17, 1958, determining the plaintiffs to be the heirs of James Running Horse, deceased, with respect to the trust property owned by James Running Horse at the time of his death.

6. The Examiner's order determining heirs also allowed the claim of South Dakota, Department of Public Welfare, in the amount of $3,774.50 for old age assistance payments made to the decedent during his lifetime "in full, after payment of the costs of the hearing, or in the amount of the cash on hand to the credit of the estate at the time of the decedent's death plus the gross income accruing to the estate for the period of five (5) years following the death of the decedent, whichever is less." The order in effect directs payment to South Dakota by plaintiffs (to whom the property passed upon James' death by operation of law) from the gross income accruing to them from the trust property for five years.

7. By decision (IA–1048) dated May 26, 1960, under authority of the defendant, the action of the Examiner of Inheritance was affirmed and the appeal dismissed.

8. Defendant's general administrative practice with respect to the payment of state welfare assistance claims allowed against the trust assets of the estate of a deceased Indian is as follows:

(a) Where an Indian heir or devisee wishes to lease his inherited or devised trust lands, the defendant will approve such lease only on condition that the lessee pay the rental to the defendant so that the defendant may apply such rental to the payment of any state welfare as-

sistance claim against the Indian lessor's intestate or testator.

(b) Where an Indian heir or devisee wishes to sell his inherited or devised trust land, the defendant will approve such sale only on condition that any state welfare assistance claim against the vendor's intestate or testator be satisfied out of the proceeds of sale.

9. Plaintiffs exhausted their administrative remedy.

## CONCLUSIONS OF LAW

 1. The action of the defendant in allowing the claim of South Dakota makes the claim a charge or encumbrance against the trust property and against the income accruing therefrom to plaintiffs after decedent's death.

2. The allowance of the claim of South Dakota is beyond the authority vested in the Secretary of the Interior and is unlawful and void in that:

(a) The Secretary is not authorized by law to allow debts incurred by an Indian decedent as a charge or encumbrance against the decedent's trust property in the hands of his Indian heirs.

(b) The action of the Secretary violates the obligations of the United States to hold the trust land for "the sole use and benefit" of the plaintiffs, as the Indian heirs of the decedent.

(c) The action of the Secretary violates the obligations of the United States to deliver the trust property and the trust proceeds derived therefrom to the heirs free and clear of all charges or encumbrances whatsoever.

(d) The action of the Secretary violates the statutory requirement that the trust property "shall not be liable to the satisfaction of any debt" contracted prior to the issuance of a patent in fee.

3. Neither 25 U.S.C. § 372 nor 25 U.S.C. § 410 authorizes the defendant to direct payment of the debts of a deceased Indian out of moneys accruing after death from trust lands in the hands of such decedent's Indian heirs.

4. The defendant's general administrative practice set forth in Finding No. 8 is unauthorized by law and in violation of the statutes set forth in Finding No. 4.

5. Defendant's regulations appearing at 25 CFR §§ 15.25(a) (5) are invalid as applied in this case.

6. Insofar as the opinion of defendant's Solicitor reported at 61 I.D. 37 (1952) is inconsistent herewith, that decision is erroneous.

Counsel will file an Order consistent with these findings.